[Cite as *O'Bryant v. Catalono*, 2011-Ohio-1507.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| ADDIE L. O'BRYANT, et al., | : | JUDGES: |
|  | : | Julie A. Edwards, P.J. |
|  | : | W. Scott Gwin, J. |
| Plaintiffs-Appellants | : | Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : | Case No. 2010CA0071 |
|  | : |  |
|  | : |  |
| JAMES W. CATALONO, JR., M.D. | : | O P I N I O N |
|  |  |  |
| Defendant-Appellee |  |  |

CHARACTER OF PROCEEDING:       Civil Appeal from Richland County
Court of Common Pleas Case No.
09CV576

JUDGMENT:       Affirmed

DATE OF JUDGMENT ENTRY:       March 22, 2011

APPEARANCES:

For Plaintiffs-Appellants

DOUGLAS L. WINSTON
Berger & Zavesky Co., L.P.A.
Rockefeller Building
614 W. Superior Ave., Suite 1425
Cleveland, Ohio 44113

For Defendant-Appellee

BRET C. PERRY
DONALD H. SWITZER
JENNIFER R. BECKER
BONEZZI SWITZER –
MURPHY POLITO &
HUPP CO. LPA
1300 East 9th Street, Suite 1950
Cleveland, Ohio 44114

*Edwards, P.J.*

{¶1}   Appellants, Addie and Timothy O'Bryant, appeal a summary judgment of the Richland County Common Pleas Court dismissing their complaint against appellee James W. Catalono, Jr., M.D.

## STATEMENT OF FACTS AND CASE

{¶2}   Appellant Addie O'Bryant suffers from pain in her neck, left arm, lower back and left leg.  She takes prescription Vicodin to relieve her pain, which is prescribed by her family doctor.  Between the months of May and September, 2008, she admits to taking more than the prescribed amount of Vicodin to relieve pain and also to giving some of her Vicodin to her husband, appellant Timothy O'Bryant, to manage pain in his knees and back.

{¶3}   On September 23, 2008, Timothy took Addie to the emergency room at the Shelby Hospital.  She was experiencing severe pain on the left side of her body and had not taken any Vicodin that day.  She was taken to an examination room where she waited with her husband.  Appellee was working as an emergency room physician.

{¶4}   According to appellants, appellee burst into the room.  Appellee had reviewed Addie's medical records outlining her prior visits and prescriptions for Vicodin before entering the room.  Addie testified in her deposition as to what occurred after appellee entered the examination room:

{¶5}   "Q. And what he told you when he came into the room was what?

{¶6}   "A. The first thing he said was: You back in the emergency room again?  I am not going to treat you.

{¶7}   "Q. Okay.  Did you ask him why he wasn't going to treat you?

{¶8}  "A. Well, it was pretty upset by then.  But he kept talking, because he was screaming.  He was yelling and screaming.  The door was open, and he was screaming and yelling.  And he said he was not going to lose his livelihood and he was just going on and on.

{¶9}  "Q. What do you mean 'not going to lose his livelihood'?  That's what he said?  I'm not going to lose my livelihood?

{¶10}  "A. That's what he said.

{¶11}  "Q. You said he was going on and on.  So what else did he say?

{¶12}  "A. He was just going on.  He was just on a rampage.  I can't remember everything that he said.  He was on a rampage.  It was very very loud.  Very embarrassing.

{¶13}  "Q. What did he say that you believed was defamatory?

{¶14}  "A. He said to me, he said, uhm, do you have any of the Vicodins that Dr. Sringeri prescribed for you?  He said, either you are selling drugs or you addicted.  Something to that effect.  But he did say selling drugs.  But something like you are addicted to or something along that order.

{¶15}  "Q. So you are saying that he told you…well, let me go on.  Anything else that you believe he said that was inflammatory or insulting to you?

{¶16}  "A. Just his whole attitude, his demeanor, the loudness of his voice.  I am sure that everybody there heard him.  That is how loud he was.  My door was not closed." Deposition of Addie O'Bryant, p. 67-69.

{¶17}  Timothy also testified in his deposition that appellee yelled at Addie and accused her of being a drug addict and drug dealer.  By way of affidavit, appellee

denied this conversation took place, but did testify that he refused to provide narcotic pain medication to Addie because she had recently received sufficient prescriptions for Vicodin which would not have expired.

{¶18} Shirley Clawson, a licensed practical nurse working in the emergency room on the night in question, was caring for another patient when she heard loud talking coming from appellants' room. She testified by way of deposition that it was Timothy's voice she heard, not appellee's voice. Appellants presented no evidence that anyone other than Timothy heard appellee accuse Addie of being an addict or dealer.

{¶19} Appellants filed the instant action on April 16, 2009, seeking damages for slander per se, invasion of privacy, unauthorized disclosure of patient medical information and loss of consortium. The trial court dismissed the entire complaint on summary judgment. Appellants appeal, assigning error solely to the dismissal of the slander and loss of consortium causes of action:

{¶20} "I. THE TRIAL COURT ERRED IN DISMISSING APPELLANT ADDIE O'BRYANT'S CLAIM OF DEFAMATION AS THE PUBLICATION OF DEFAMATORY WORDS TO ONE'S SPOUSE IS SUFFICIENT TO CONSTITUTE PUBLICATION.

{¶21} "II. THE TRIAL COURT ERRED IN DISMISSING APPELLANT ADDIE O'BRYANT'S CLAIM OF DEFAMATION AS INJURIES OTHER THAN INJURIES TO ONE'S REPUTATION ARE ACTIONABLE AND DAMAGES ARE PRESUMED WHEN THE WORDS SPOKEN ARE DEFAMATORY PER SE.

{¶22} "III. THE TRIAL COURT ERRED IN DISMISSING APPELLANT ADDIE O'BRYANT'S CLAIM OF DEFAMATION AS APPELLEE'S PLEADINGS DIRECTED TO

HIS MOTION FOR SUMMARY (SIC) FAILED TO SHOW AN ABSENCE OF MATERIAL FACT THAT ADDIE OBRYANT (SIC) DID NOT SUFFER REPUTATION INJURIES.

{¶23} "IV. THE TRIAL COURT ERRED IN DISMISSING APPELLANT TIMOTHY O'BRAYAN'TS CONSORTIUM CLAIM FOR THE REASONS NOTED IN ASSIGNMENT OF ERRORS 1 THROUGH 3."

I, II

{¶24} We address the first two assignments of error together, as appellants do in their brief. Appellants argue the court erred in finding the alleged defamatory statement was not published because it was made only in front of her spouse, and further argue that the court erred in finding no damages. Appellee argues in part that the summary judgment is independently sustainable on the basis of qualified privilege.

{¶25} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ. R. 56(C) which provides in pertinent part: "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is

made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶26} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates that the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶27} The elements of a defamation action, whether libel or slander, are: (1), the defendant made a false and defamatory statement concerning another, (2) the false statement was published, (3) the plaintiff was injured, and (4) the defendant acted with the appropriate degree of fault. *Gosden v. Louis* (1996), 116 Ohio App.3d 195, 206, 687 N.E.2d 481.

{¶28} Summary judgment in a defamation action may be independently warranted on the grounds that the alleged defamatory statement was conditionally privileged. *Dowell v. Cleveland Clinic Foundation* (April 9, 1992), Cuyahoga App. No. 59963, unreported. A conditional privilege is one made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he

has a right or duty, if made to a person having a corresponding interest or duty on a privileged occasion and in a manner and under circumstances fairly warranted by the occasion and duty, right or interest. *Burkes v. Stidham* (1995), 107 Ohio App.3d 363, 373, 668 N.E.2d 982. Alleged defamatory statements made in the context of a doctor-patient relationship are conditionally privileged and are actionable only if the plaintiff presents evidence that the statement was made with actual malice or exceeded the scope of the privilege. *Dowell*, supra. Actual malice is defined as acting with knowledge that the statements are false or with reckless disregard as to their truth or falsity, and must be shown by clear and convincing evidence. *Burkes*, supra, at 373. Although the existence of a qualified privilege is a mixed question of law and fact, it may be resolved by summary judgment. Id.

{¶29} In the instant case, reasonable minds could only conclude that the alleged defamatory statement, that Addie was either selling drugs or an addict, was conditionally privileged. The medical records in appellee's possession when he confronted appellants established that on August 19, 2008, Addie filled a prescription for 270 extra strength Vicodin from her primary care physician. According to the medical records, she consumed these tablets by September 15, 2008, when she presented to the emergency room and was treated by Dr. Jarosik. Therefore, she consumed a 90 day supply of Vicodin in 27 days. She received a prescription for 30 Vicodin from Dr. Jarosik on September 15, 2008, and presented again at the emergency room eight days later. Appellee clearly had a right and/or duty to confront appellant about her drug use and what had become of all the tablets she had previously been prescribed when she appeared at the emergency room seeking treatment for pain once again. The only

evidence of publication was to Timothy, who clearly had an interest in his wife's use of pain medication. The evidence further reflects that appellants were aware Addie was taking more pain medication than prescribed, and that she had given Vicodin to Timothy even though it was not prescribed for him. Appellants presented no evidence that based on the medical records before appellee at the time the statement was made, he knew it was false or acted in reckless disregard to its falsity as the two primary explanations for a large number of Vicodin pills disappearing were that she was either taking too much herself and was addicted, or she was giving or selling them to someone else. While his demeanor in confronting appellants was, according to appellants' testimony, rude and inappropriate, poor bedside manner does not constitute actual malice.

{¶30} The first and second assignments of error are overruled.

III

{¶31} In their third assignment of error, appellants argue that appellee failed to demonstrate an absence of material fact on the issue of damages. This assignment of error is rendered moot by our ruling in assignments of error one and two.

IV

{¶32} In their fourth assignment of error, appellants argue the court erred in dismissing Timothy's loss of consortium claim. Appellants recognize in their brief that loss of consortium is a derivative claim and as such, Timothy cannot recover if the summary judgment on Addie's defamation claim is affirmed. Because we have overruled assignments of error one through three, the fourth assignment of error is overruled.

{¶33} The judgment of the Richland County Common Pleas Court is affirmed.

By: Edwards, P.J.

Gwin, J. and

Delaney, J. concur

_____

_____

_____

JUDGES

JAE/r1123

[Cite as *O'Bryant v. Catalono*, 2011-Ohio-1507.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ADDIE L. O'BRYANT, et al., | : | |
| | : | |
| Plaintiffs-Appellants | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JAMES W. CATALONO, JR., M.D. | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2010CA0071 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES